IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| **911 Notify, LLC**<br>*Plaintiff*,<br><br>v.<br><br>**Carshield Services, Inc.**<br><br>*Defendant*. | C.A. No. 14-0081-LPS<br><br>JURY TRIAL DEMANDED |

**CARSHIELD'S ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendant Carshield Services, Inc. ("Carshield"), responds to Plaintiff 911 Notify, LLC's ("911 Notify") Complaint as follows:

**PARTIES**

1. Carshield lacks information sufficient to admit or deny the allegations of paragraph 1 and, on that basis, denies the allegations of paragraph 1.

2. Carshield denies that its principal place of business is 1180 Miraloma Way, Suite C, Sunnyvale, CA 94085. Carshield is a California corporation with its principal place of business at 1914 N. Verdugo Road, Suite 3, Glendale, CA 91208. Carshield denies that it has appointed Anayis B. Khourouzian, 1085 Tasman Drive, SPC 51, Sunnyvale, CA 94089, as its agent for service of process. Carshield admits that it has appointed Scot Nesbit, 1914 N. Verdugo Road, Suite 3, Glendale, CA 91208, as its agent for service of process. Carshield notes that its corporate form is temporarily suspended due to a filing oversight. Carshield is working to correct this error as soon as possible. Carshield denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3. Carshield admits that the Complaint purports to assert an action arising under the patent laws of the United States, including 35 U.S.C. § 1, *et seq.,* including §271, but Carshield denies that it has committed any acts of infringement. Carshield admits that the Complaint purports to recite an action where this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Carshield denies remaining allegations of paragraph 3.

4. Carshield denies that this Court has personal jurisdiction. Carshield denies that it has done business in the District of Delaware. Carshield denies that it has committed any act of patent infringement in this District and further denies that it has harmed 911 Notify in any way. Carshield denies using, selling, offering for sale, and/or importing products and services in this District. Carshield denies remaining allegations of paragraph 4.

5. Carshield denies that venue is proper in the District of Delaware under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Carshield denies that it is subject to personal jurisdiction in this District and further denies that it has committed any acts of patent infringement in this District. Carshield denies using, selling, offering for sale, and/or importing infringing products into this District. Carshield denies remaining allegations of paragraph 5.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,775,356

6. Carshield admits that Exhibit A of the Complaint appears to be a copy of U.S. Patent No. 6,775,356 ("the '356 patent"), which indicates on its face that it is entitled "Real-Time Incident and Response Information Messaging ina [sic] System for the Automatic Notification that an Emergency Call Has Occurred from a

Telecommunication Device," and issued on August 10, 2004. Carshield lacks knowledge for information sufficient to form a belief as to the truth of the remaining allegations.

7. Carshield denies that it has ever infringed the '356 Patent. Carshield denies that it has ever sold any products in this judicial District. Carshield denies that it has ever made used imported, offered for sale, or sold any products or services embodying the allegedly patented invention. Carshield denies that its system includes functionality that provides notification to identified parties that an emergency call to an emergency service has been made from a subscriber. Carshield admits that a Carshield employee may decide to contact an emergency service provider upon receipt of an emergency notification. Carshield denies that its system discloses to emergency services monitoring data, which is collected between the time of the emergency call and the initiation of the response. Carshield admits that its system includes subscriber records, a subscriber database and a messaging system. Carshield denies that the system activates a message response system that initiates notification of emergency services after receipt of an emergency notification and the fetching of a subscriber record.

8. Carshield denies that it has ever engaged in the conduct plaintiff alleges. Carshield denies that its conduct has ever harmed Plaintiff.

9. Carshield admits that it has never taken a license from Plaintiff, but denies that any license was ever required.

10. Carshield denies that it has ever infringed the asserted patent and denies that its actions have ever caused Plaintiff to suffer monetary damages. Carshield denies remaining allegations of paragraph 10.

11. Carshield denies that Plaintiff has suffered any harm at all. Carshield denies remaining allegations of paragraph 11.

## PRAYER FOR RELIEF

Carshield denies that 911 Notify is entitled to any relief whatsoever, either as prayed for in its Complaint or otherwise, and specifically requests that this Court:

A. Enter judgment that Carshield has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '356 patent, either literally or under the doctrine of equivalents, willfully or otherwise;

B. Enter judgment that one or more of the claims of the '356 patent are invalid;

C. Enter judgment denying 911 Notify any injunctive relief;

D. Enter judgment that 911 Notify is not entitled to any damages;

E. Enter judgment finding this action exceptional and awarding Carshield its reasonable attorneys' fees, expenses, and costs incurred in this action; and

F. Enter judgment awarding Carshield such other and further relief as this Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Carshield asserts the following affirmative and other defenses, without assuming the burden of proof when such burden would otherwise be on 911 Notify, to the allegations in 911 Notify's Complaint. Carshield also reserves all affirmative defenses under Rule 8 (c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses available at law or in equity that may now exist or may become available in the future, to the extent such defenses come to light as a result of Carshield's ongoing investigations and discovery in this matter.

**First Defense: Failure to State a Claim**

The Complaint fails to state a claim upon which relief may be granted.

**Second Defense: Non-Infringement**

Carshield has not infringed any claim of the ‘356 patent directly, contributorily, or by inducing others to infringe.

**Third Defense: Invalidity**

The ‘356 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Part II of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

**Fourth Defense: No Prior Notice or Patent Marking**

Plaintiff 911 Notify is precluded from recovering, in whole or in part, the damages sought in the Complaint because 911 Notify failed to give notice of products that practice the ‘356 patent by marking such products or otherwise notifying Carshield of the alleged infringement as required by 35 U.S.C. § 278.

**Fifth Defense: Failure to Pay Maintenance Fees**

911 Notify’s claims are barred, in whole or in part, because it failed to pay maintenance fees as required by 35 U.S.C. § 41(c)(2).

a. The prosecution history of the ‘356 patent indicates that the patent expired on September 8, 2008.

b. The prosecution history of the ‘356 patent indicates that the patent was reinstated on March 26, 2012.

c. Plaintiff cannot assert infringement claims for any action taken during the time the asserted patent was expired.

d. The Court should authorize Carshield to continue to manufacture, use, offer for sale, or sell any product or service that allegedly infringes the '356 patent that Carshield made, purchased, offered for sale, or used within the United States, or imported into the United States, or for which substantial preparation was made, between August 10, 2008 and March 26, 2012.

e. The Court should authorize Carshield to continue to practice any process that was practiced, or for the practice of which substantial preparation was made, between August 10, 2008 and March 26, 2012.

**Sixth Defense: Equitable Estoppel**

911 Notify is barred from asserting claims for relief upon the '356 patent and/or upon any patents or patent applications for which the '356 patent is a continuation-in-part, by the doctrine of equitable estoppel.

**Seventh Defense**

911 Notify is not entitled to any injunctive relief, because no alleged injury to 911 Notify is immediate or irreparable, and 911 Notify has an adequate remedy at law.

**Eighth Defense**

911 Notify's right to seek damages and costs is limited pursuant to 35 U.S.C. §§ 284, 285, and/or 288. 911 Notify is barred from recovering treble damages for any allegedly infringing use of the '356 patent, as 911 Notify has not alleged such willful conduct by Carshield under 35 U.S.C. §284. 911 Notify is barred from recovering attorney's fees, as this is not an exceptional case for 911 Notify within the meaning of 35

U.S.C. § 285. 911 Notify is barred from recovering costs associated with the action by 35 U.S.C. § 288.

## COUNTERCLAIMS

For its counterclaims against 911 Notify, Carshield states the following:

1. Counterclaim-Plaintiff Carshield is a California corporation with its principal place of business at 1914 N. Verdugo Road, Suite 3, Glendale, CA 91208. Carshield notes that its corporate form is temporarily suspended due to a filing oversight, and that Carshield is working to correct this error as soon as possible.

2. Upon information and belief, Counterclaim-Defendant 911 Notify is a Delaware limited liability company with a registered address of 903 S. College Ave., Box 275, Newark, Delaware 19715.

## JURISDICTION AND VENUE

3. Carshield believes Jurisdiction and Venue in Delaware is improper, as detailed in Carshield's Motion to Dismiss, filed concurrently with this Answer. However, without consenting to jurisdiction, and only if the Court finds Jurisdiction over Carshield to be proper, Carshield pleads as follows.

4. Counterclaim-Defendant 911 Notify has brought suit against Counterclaim-Plaintiff Carshield alleging infringement of U.S. Patent No. 6,775,356 ("the '356 patent").

5. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment that the '356 patent is not infringed by Carshield and is invalid.

6. This Court has subject matter jurisdiction over Carshield's counterclaims pursuant to one or more of 28 U.S.C. §§ 1331, 1338, 2201 and 2202. An actual controversy exists because 911 Notify has asserted infringement by Carshield of the '356 patent

and Carshield believes these allegations are unfounded and without merit and thus denies each and every allegation of infringement.

7. There exists and actual and substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance by this court of a declaratory judgment.

8. This Court has personal jurisdiction over 911 Notify in this District because 911 Notify has voluntarily appeared and consented to this venue by filing its claims for patent infringement.

9. Venue can be found in this District pursuant to 28 U.S.C. § 1391(b)-(c), and because Counterclaim-Defendant 911 Notify filed the instant action in this Court.

## GENERAL ALLEGATIONS

10. On January 30, 2014, 911 Notify filed suit against Carshield. 911 Notify claimed to be the owner by assignment of the ‘356 patent, and claimed that Carshield has infringed and continues to infringe the ‘356 patent.

11. A justiciable controversy thus exists between 911 Notify and Carshield concerning the non-infringement, invalidity and unenforceability of the ‘356 patent.

## COUNT I: REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,775,356

12. Carshield incorporates the above Counterclaim allegations as though fully set forth below.

13. Carshield has not infringed and is not now infringing any asserted claim of the ‘356 patent.

14. Carshield is entitled to declaratory judgment that it does not infringe any asserted claim of the ‘356 patent.

**COUNT II: REQUEST FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,775,356**

15. Carshield incorporates the above Counterclaim allegations as though fully set forth below.

**A. The 1990 Keepsafer**

16. The 1990 Keepsafer, described below, anticipates or renders obvious 911 Notify's asserted patent. The '356 patent is therefore invalid under 35 U.S.C. §§102 and/or 103.

17. The Keepsafer Emergency Phone Dialer ("EPD") product is described in an article entitled "Electronic SOS" published in an October 1986 issue of Popular Mechanics Magazine ("the Booth Article").

18. A highlighted copy of the Booth Article is attached to this counterclaim as Exhibit A.

19. The Booth Article is a printed publication that was published more than one year before November 30, 2000 and more than one year before the effective filing date of the '356 patent.

20. A highlighted copy of an October 1990 issue of Popular Mechanics magazine ("October 1990 Ad") is attached to this Counterclaim as Exhibit B.

21. The October 1990 Ad states that the "Emergency Dialer provides contact with the Schlage National Monitoring Station to provide continuous protection… each set valued at $314."

22. Upon information and belief, the Keepsafer home security system with the Emergency Phone Dialer was on sale in the United States more than one year before November 30, 2000 and more than one year before the effective filling date of the '356 patent.

23. The Keepsafer home security system with the Emergency Phone Dialer was in public use in the United States more than one year before November 30, 2000 and more than one year before the filing date of the ‘356 patent.

24. The Booth Article discusses “the Keepsafer home security system.”

25. The Booth Article states that “whenever one of the wireless sensors in your home transmits an alarm to Keepsafer, the Emergency Phone Dialer (EPD) instantly calls the dispatch center.

26. The Booth Article states that a “toll-free number is programmed into the EPD.”

27. The Booth Article states that the system “will send an SOS to Schlage’s Central Dispatch Station, where 24-hour operators in turn will call whomever you’ve designated.”

28. The Booth Article states that “three types of alarms can be transmitted to the center: break-in, fire or medical (via the optional $30 “panic button” pendant).”

29. The Booth Article states that “Upon receiving your alarm, a computer at the dispatch center tells the operator which outside parties you want called for the specific emergency.”

30. The Booth Article states that the subscriber using EPD could “designate five parties for each type of emergency, and Schlage will call them. For example, in a medical alert, you might designate calls for an ambulance, neighbor, family doctor, relative and friend, in that order. For fires or break-ins, when you might be away from home, you could designate yourself to be called at another number.”

**B. The 1996 O'Brien Article**

31. The 1996 O'Brien Article, as described below, anticipates or renders obvious 911 Notify's asserted patent. The '356 patent is therefore invalid under 35 U.S.C. §§102 and/or 103.

32. An article entitled "Mayday! Evaluating GPS-Enabled Emergency Dispatch" was published in the October 1996 issue of GPS World magazine (volume 7, number 10) ("the O'Brien Article").

33. The O'Brien Article is a printed publication that was published more than one year before November 30, 2000 and more than one year before the effective filing date of the '356 patent.

34. A copy of the O'Brien Article is attached to this Counterclaim as Exhibit C.

35. The O'Brien Article discusses a "service delivery test, conducted from March to June 1996, simulated Mayday calls from start to finish, including dispatch of emergency services."

36. The O'Brien Article states that "With a push of a button – on a cellular phone, pager, or similar device – a motorist can send his or her request for help and location to a service center."

37. The O'Brien Article states that a "transceiver on the car transmits preprogrammed information about the type of problem and location via a wireless technology, such as satellite or cellular network, to a service center."

38. The O'Brien states that "Each Mayday call arrives at the service center with GPS data indicating the exact location of the caller."

39. The O'Brien Article states that "Also provided is an identification number that allows the Mayday service provider to access information about the vehicle and driver in its database."

40. The O'Brien Article states that "As a subscription service, the Mayday center maintains a database of customer information (such as medical history and emergency contacts) so that pertinent information can be quickly provided to the emergency service."

41. The O'Brien Article states that "The CSC receives and processes the all and sends location, incident, and subscriber information to the appropriate emergency service."

42. The O'Brien Article states that a "few commercial Mayday services are now available" including the "Ford Motor Company's Remote Emergency Satellite Cellular Unit (RESCU)." The O'Brien Article states RESCU "was introduced in the 1996 Lincoln Continental and is operational nationwide."

43. Upon information and belief, RESCU was on sale more than one year before November 30, 2000 and more than one year before the effective filing date of the '356 patent.

44. Upon information and belief, RESCU was in public use more than one year before November 30, 2000 and more than one year before the effective filing date of the '356 patent.

## C. Anticipation and Obviousness

45. Carshield realleges the above allegations as if fully set forth below.

46. One or more claims of the '356 patent is invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 101, 102, 103 and/or 112.

47. To the extent 911 Notify is accusing Carshield's system, one or more claims of the '356 patent is invalid under 35 U.S.C. §102 as anticipated by prior art available, for example, prior to invention of the alleged invention or available more than one year prior to the filing of the application that resulted in the '356 patent.

48. One or more claims of the '356 patent is invalid under 35 U.S.C. §103 as obvious to one of ordinary skill in the art based on a combination of one or more prior art references, knowledge of one having ordinary skill in the art, or common sense.

49. One or more claims of the '356 patent is invalid under 35 U.S.C. §112 for failure to satisfy the definiteness, written description, and/or enablement requirements.

## JURY DEMAND

50. Pursuant to Fed. R. Civ. P. 38, Carshield hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Carshield prays for judgment as follows:

A. Declare that Carshield has not infringed, directly or jointly, has not contributed to infringement by others of, and has not induced infringement by others of any valid and enforceable claim of the '356 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

B. Declare that one or more of the claims of the '356 patent are invalid.

C. Enter an order preliminarily and permanently enjoining 911 Notify, its officers, directors, servants, managers, employees, agents, successors, and assignees, and all persons in active concert or participation with any of them, from directly or indirectly charging Carshield with infringement of any claim of the '356 patent.

D. Declare this action exceptional under 35 U.S.C._§ 285 and award Carshield its reasonable attorney's fees, expenses, and costs incurred in this action; and

E. Award Carshield such other and further relief as this Court deems just and proper.

BIGGS AND BATTAGLIA

/S/Robert Goldberg
Robert D. Goldberg (Bar ID #631)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Goldberg@batlaw.com
*Attorneys for Defendant*
*Carshield Services, Inc.*

Of Counsel:
Eric Adler
Jonathan Askin
Brooklyn Law School BLIP Clinic
One Boerum Place, 3rd Floor
Brooklyn, NY 11201

Dated: April 25, 2014