IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

**911 Notify, LLC**
*Plaintiff*,

v.

**Carshield Services, Inc.**

*Defendant*.

C.A. No. 1:14-0081-LPS

# DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

BIGGS AND BATTAGLIA

Robert D. Goldberg (Bar ID #631)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Goldberg@batlaw.com
*Attorneys for Defendant Carshield Services, Inc.*

*Of Counsel*:
Eric Adler
Jonathan Askin
Brooklyn Law School BLIP Clinic
One Boerum Place, 3rd Floor
Brooklyn, NY 11201

Dated: April 25, 2014

TABLE OF CONTENTS

**NATURE AND STAGE OF PROCEEDINGS** ..... 1

**SUMMARY OF ARGUMENT** ..... 1

**FACTS** ..... 2

A. Defendant Carshield Services, Inc. ..... 2

B. Carshield Has Never Sold Its Products in Delaware ..... 2

C. Plaintiff Did Not Contact Carshield at All Before Filing the Complaint. ..... 3

**ARGUMENT** ..... 3

**I. This Court Lacks Personal Jurisdiction Over Carshield** ..... 3

A. The Delaware Long Arm Statute Cannot Reach Carshield ..... 4

1. The General Jurisdiction Prongs of the Long Arm Statute Cannot Reach Carshield. .. 5

2. The Specific Jurisdiction Prongs of the Long Arm Statute Cannot Reach CarShield. ..... 5

B. Exercising Jurisdiction over Carshield Would Violate Carshield's Constitutional Due Process Rights. ..... 7

1. Since Carshield is Not "At Home" in Delaware, An Exercise of General Jurisdiction Violates Due Process. ..... 8

2. Carshield Does Not have Minimum Contacts with Delaware Sufficient to Justify Jurisdiction. ..... 8

C. The Motion to Dismiss for Lack of Personal Jurisdiction Should Be Granted Without Jurisdictional Discovery. ..... 11

**II. The Complaint Should be Dismissed for Failure to State a Claim.** ..... 12

A. The Complaint's Threadbare Allegations Fail to State a Plausible Claim as Required by *Iqbal*/*Twombly*. ..... 12

B. Plaintiff Failed to Provide Pre-Filing Notice as Required by Form 18. ..... 13

C. Since the Complaint Itself Cannot Provide Pre-Filing Notice as Required by Form 18, It Should be Dismissed Without Leave to Amend. ..... 15

**Conclusion** ..... 16

**TABLE OF AUTHORITIES**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358, 1365 (Fed. Cir. 2012) .......... 3, 6

*Applied Biosystems, Inc. v. Cruachem, Ltd.,*
772 F.Supp. 1458, 1466 (D. Del. 1991).......... 5

*Asahi Metal Indus. Co. v. Superior Court of Cal.,*
480 U.S. 102, 112 (1987).......... 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......... 12, 15

*Best Med. Int'l Inc. v. Accuray, Inc.,*
2010 WL5053919 (W.D. PA. Dec. 2, 2010) .......... 15

*Boston Scientific Corp. v. Wall Cardiovascular Techs., LLC*,
647 F. Supp. 2d 358, 365 (D. Del. 2009).......... 9

*BP Chems. Ltd. v. Formosa Chem. & Fibre Corp*.,
229 F.3d 254, 259 (3d Cir. 2000) .......... 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 472 (1985).......... 9

*Chavez v. Dole Food Co*.,
947 F. Supp. 2d 438 (D. Del. 2013).......... 8

*E.I. Du Pont De Nemours & Co. v. Heraeus Holding GMBH*,
2012 WL 4511258 (D. Del. Sept. 28, 2012).......... 11, 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
131 S. Ct. 2846, 2851 (2011).......... 8

*Hansen v. Neumueller GmbH,*
163 F.R.D. 471 (D. Del 1995) .......... 11

*In re Bill of Lading Transmission and System Patent Litigation*,
681 F.3d 1323 (2012) .......... 13

*Infonow Corp. v. Zyme Solutions, Inc.,*
2013 WL7088306 (D. Colo. Apr. 29, 2013).......... 14, 15

*Int'l Shoe Co. v. Washington,*
326 U.S. 310, 316 (1945).......... 4, 8, 11

*Intellectual Ventures I LLC v. Nikon Corp*.,
935 F. Supp. 2d 787 (D. Del. 2013).......... 3

*Kloth v. S. Christian Univ*.,
320 Fed. Appx. 113, 116 (3d Cir. Del. 2008) ........ 10

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*.,
714 F.3d 1277 (Fed. Cir. 2013) ........ 13, 14, 15

*Littlefuse, Inc. v. Pac. Eng'g Corp*.,
2013 WL 4026918 (E.D. Mich. Aug. 7, 2013) ........ 14, 15, 16

*M2M Solutions LLC v. Simcom Wireless Solutions Co., Ltd.,*
935 F. Supp. 2d 740, 745 (D. Del. 2013) ........ 6, 7

*Marten v. Godwin*,
499 F.3d 290, 295-296 (3d Cir. 2007) ........ 4

*Massachusetts Sch. of Law at Andover v. ABA,*
107 F.3d 1026, 1042 (3d Cir. 1997) ........ 11

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,*
819 F.2d 434, 437 (3d Cir. 1987) ........ 4

*Reach & Assocs. v. Dencer,*
269 F.Supp.2d 497, 505 (D. Del. 2003) ........ 8

*Serverside Group Ltd. v. CPI Card Group-Minn.,*
2012 U.S. Dist. LEXIS 20489 (D. Del. Feb. 2012) ........ 12

*Shoemaker v. McConnell,*
556 F.Supp.2d 351, 354, 355 (D. Del. 2008) ........ 5

*Telcordia Techs., Inc. v. Alcatel S.A.*,
2005 WL 1268061 (D. Del. May 27, 2005) ........ 12

*Toys "R" Us, Inc. v. Step Two, S.A.,*
318 F.3d 446, 454 (3d Cir. 2003) ........ 6, 10

*Trintec Industries, Inc. v. Pedro Promotional Products*, Inc.,
395 F.3d 1275, 1281 (Fed. Cir. 2005) ........ 7

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286, 297 (1980) ........ 9, 11

Statutes

10 *Del. Code* § 3104(c) ........ 5

Fed.R.Civ.P. 12(b)(2) ........ 4

## NATURE AND STAGE OF PROCEEDINGS

On January 30, 2014, Plaintiff, 911-Notify, filed this action accusing Defendant, Carshield Services, Inc., of infringing U.S. Patent no. 6,775,356 ("the '356 patent"). Defendant now files its answer as well as this Motion to Dismiss.

## SUMMARY OF ARGUMENT

This case does not belong in Delaware. Carshield Services, Inc. ("Carshield") is a regional California startup that designs "connected car" technology in California, and sells its technology along the West Coast. Carshield has never sold its technology in Delaware. (Lepejian Decl. ¶ 6-7).[1] Carshield has never transacted business in Delaware. (*Id.* ¶ 4-8, 12 ). Carshield's very first contact with the state of Delaware cannot be this lawsuit.

Plaintiff, 911-Notify, LLC ("Plaintiff"), cannot drag a regional California company 3,000 miles across the country into a jurisdiction where it has no meaningful contacts, ties, or relations. The Constitutional limits on personal jurisdiction, as well as the statutory limits of the Delaware Long-Arm Statute, protect Carshield from this type of abusive tactic. If Plaintiff insists on pursuing its meritless patent infringement claim, the Constitution requires Plaintiff to pursue it in California, not Delaware. The Court should dismiss this action for lack of personal jurisdiction.

Even if it this Court decides that it has jurisdiction over Carshield, this case should still be dismissed because the Complaint fails to meet the *Iqbal*/*Twombly* pleading standard, and is not saved by the Form 18 safe harbor. Plaintiff's failure to comply with the pre-filing requirement of Form 18 is fatal to its claim. Accordingly, the complaint should be dismissed for failure to state a claim.

---

1 All references to "Lepejian Decl." are to the Declaration of David Lepejian, filed contemporaneously herewith.

## FACTS

The Plaintiff's Complaint alleges that Carshield infringes United States Patent No. 6,755,356 ("the '356 patent") by "making, using, importing, selling and offering for sale products and services that embody the patented inventions" in the state of Delaware. (Complaint, Docket #1, at ¶ 7).

### A. Defendant Carshield Services, Inc.

Carshield manufactures and sells connected car devices and services. Carshield was incorporated in 2010 under the laws of the State of California.[2] Carshield maintains its principal place of business and only office location in Glendale, California. (Lepejian Decl. ¶ 1). The developers and creators of Carshield's technology are located in California and Armenia. (*Id.* ¶ 4). Carshield has ten employees, none of which are located in Delaware or have ever travelled to Delaware on behalf of Carshield. (*Id.* ¶ 14-16). Carshield sells its own proprietary patented car-tracking system. All "back-end" servers and equipment necessary to provide the full services offered by Carshield are located in Los Angeles, California. (Lepejian Decl. ¶ 5).

### B. Carshield Has Never Sold Its Products in Delaware

Carshield sells its products either through resellers or through its website. None of Carshield's resellers are located in Delaware. (Lepejian Decl. ¶ 11). Of the online sales Carshield has made through its website, none have ever been sold to or shipped to any locations in Delaware. (*Id.* ¶ 6-7). Approximately 70-80% of all of Carshield's products and services sold in the United States are sold in the State of California. (*Id.* ¶ 10). Based on company records, only one unit of Carshield's products has ever entered the State of Delaware, when a car

2 While Carshield's business entity status is currently listed as "suspended" for missing a filing deadline, Carshield has corrected the problem with the State of California's Franchise Tax Board and expects its application for a Certificate of Revivor to be granted shortly. (Lepejian Decl. ¶ 3).

equipped with Carshield's product was driven in by an end-user. *(Id.* ¶ 9). That single unit was sold and installed in the State of Ohio. (*Id.*)

**C. Plaintiff Did Not Contact Carshield at All Before Filing the Complaint.**

The Plaintiff's Complaint did not allege that it has given Carshield written notice of the infringement. Carshield has not received any notice of infringement, written or otherwise, from the Plaintiff. (Lepejian Decl. ¶ 13).

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER CARSHIELD

The Plaintiff has no factual basis for asserting that the State of Delaware has personal jurisdiction over Carshield. Plaintiff has recycled the same boilerplate Complaint against defendants as varied as Lowe's Home Centers, Hyundai, and BSM Wireless, with only minor modifications, and each time reciting the same vague allegations of personal jurisdiction.[3] *See*, *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012)(such "bare formulaic accusations" are insufficient to establish personal jurisdiction based on minimum contacts). However, no matter how convenient it is for the Plaintiff to bring a slew of defendants into the District of Delaware, this Court must have a factual basis for personal jurisdiction against each defendant. Here, there is no basis for such jurisdiction.

The Plaintiff must carry two jurisdictional burdens – one statutory and the other constitutional. First, the Plaintiff must show that jurisdiction over Carshield comports with Delaware's Long-Arm Statute, 10 Del. C. § 3104(c). *Intellectual Ventures I LLC v. Nikon Corp.*, 935 F. Supp. 2d 787 (D. Del. 2013). Then, the Plaintiff must show that an exercise of

3 *See* e.g., *911 Notify LLC v. Lowe's Home Centers LLC,* No 1:14-cv-00084 (D. Del. Jan 21, 2014); *911 Notify LLC v. BSM Wireless Inc., et al.,* No. 1:14-cv-00087 (D. Del. Jan 21, 2014).

jurisdiction over Carshield would comport with Due Process. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Due Process is only satisfied if Carshield has a "systematic and continuous" relationship with Delaware, or maintains "minimum contacts arising out of or related to" the alleged acts of infringement with the State of Delaware, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. (internal quotation marks omitted). It is plaintiff's burden to establish personal jurisdiction over Carshield. *See Marten v. Godwin*, 499 F.3d 290, 295-296 (3d Cir. 2007), *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987). Since Plaintiff cannot carry these burdens, the lawsuit must be dismissed for lack of personal jurisdiction. *Fed.R.Civ.P.* Rule 12(b)(2).

**A. The Delaware Long Arm Statute Cannot Reach Carshield**

As relevant to this case, the Long Arm Statute allows jurisdiction over a non-resident defendant if and only if that defendant, *inter alia*: [4]

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. Code § 3104(c). Sub-sections (1), (2) and (3) authorize specific jurisdiction. *Intellectual Ventures I LLC v. Nikon Corp.*, 935 F. Supp. 2d 787 (D. Del. 2013) (citing, *Shoemaker v.*

---

4 Subsections (5) and (6) of the Long Arm Statute are inapplicable to the instant case because the Plaintiff does not allege, and Carshield does not, possess any interest in Delaware real property or offer insurance in the state.

*McConnell,* 556 F.Supp.2d 351, 354, 355 (D. Del. 2008)). Sub-section (4) confers general jurisdiction, requiring a greater number of contacts, but allows the exercise of personal jurisdiction even when the claim is unrelated to the forum contacts. *Id.* (*citing Applied Biosystems, Inc. v. Cruachem, Ltd.,* 772 F.Supp. 1458, 1466 (D. Del. 1991)). None authorize jurisdiction over Carshield in the instant case.

***1. The General Jurisdiction Prongs of the Long Arm Statute Cannot Reach Carshield.***

The general jurisdiction clause of the Long Arm Statute, subsection (4), cannot reach Carshield. The general jurisdiction clause applies when an entity "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 *Del. C.* § 3104(c)(4). Carshield has never done or solicited any business within Delaware, it certainly does not do so "regularly." (Lepejian Decl. ¶ 4-8, 12). Consequently, the Long Arm Statute cannot confer general jurisdiction over Carshield.

***2. The Specific Jurisdiction Prongs of the Long Arm Statute Cannot Reach CarShield.***

Plaintiff bears the burden of establishing, with *reasonable particularity*, that Carshield has sufficient minimum contacts with Delaware to support jurisdiction. *See Marten v. Godwin*, 499 F.3d 290, 295-296 (3d Cir. 2007). Here, the jurisdictional defects are evident from the face of the complaint. No specific facts are alleged. Instead, Plaintiff's boilerplate allegations state "on information and belief, Defendant has… used, sold, offered for sale, and imported infringing products in this District." (Complaint, Docket #1 at ¶ 4). Plaintiff has simply plead legal conclusions. Plaintiff has failed to plead facts with reasonable particularity, let alone established them by a preponderance of the evidence. "Bare formulaic accusation[s]," such as this, are insufficient to establish minimum contacts or personal jurisdiction. *M2M Solutions LLC v.*

*Simcom Wireless Solutions Co., Ltd.,* 935 F. Supp. 2d 740, 745 (D. Del. 2013) (*citing AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (holding that a complaint that "generally alleges that the defendants' manufacturing, use, testing, and importation … directly infringes" must be supported by identifying declarations of specific contacts with the state)).

Analysis under the applicable sections of the Delaware Long Arm Statute is simple. Carshield has never transacted business or performed any character of work or service in Delaware, rendering subsection (1) inapplicable. (Lepejian Decl. ¶ 4-8, 12). Carshield has never contracted to supply anything in Delaware, and consequently subsection (2) is inapplicable. (*Id.*) Finally, Carshield has never acted within Delaware, and caused no tortious injury by any acts or omissions in Delaware, making subsection (3) inapplicable. *(Id.*).

i. *Carshield's Website does not Justify Assertion of Personal Jurisdiction under Delaware's Long Arm Statute*

A website is too thin a reed to support an exercise of personal jurisdiction. Delaware courts have repeatedly held that there must be evidence defendant "directly target[ed] its web site to the state [or] knowingly interact[ed] with residents of the forum state via its web site" in order to meet the purposeful availment requirement to confer personal jurisdiction through defendant's website. *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir. 2003).[5] "The mere fact

---

5 *See Also M2M Solutions LLC v. Simcom Wireless Solutions Co., Ltd.,* 935 F. Supp. 2d 740, 746 (D. Del. April 1, 2013) (finding that having a website that is accessible to Delaware residents, without any physical existence or website activity within the state, was not enough to confer personal jurisdiction or establish minimum contacts); *Kenexa Brassring, Inc. v. Akken, Inc.,* 2013 U.S. Dist. LEXIS 89388, 2013 WL 3229741 (D. Del. June 25, 2013) (holding that evidence that failed to indicate a particular instance where a Delaware resident interacted with the defendant's website was not enough to meet the preponderance of the evidence standard to establish sufficient minimum contacts), *Sanitec Indus. v. Sanitec Worldwide, Ltd.,* 376 F. Supp. 2d 571, 574 (D. Del. 2005) (finding mere maintenance of an interactive website insufficient to establish personal jurisdiction absent some evidence that the defendant used to website to conduct business in Delaware); *eSpeed, Inc. v. BrokerTec USA, L.L.C.,* 2004 U.S. Dist. LEXIS

that a website is accessible to forum residents does not by itself indicate sufficient contacts with the forum," and therefore, "[b]ecause no Delaware resident used the website to directly order an accused product, [plaintiff's] argument that the website establishes jurisdiction is effectively undermined." *M2M Solutions LLC v. Simcom Wireless Solutions Co., Ltd.,* 935 F. Supp. 2d 740, 745 (D. Del. 2013)(*citing*, *Trintec Industries, Inc. v. Pedro Promotional Products*, Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005)). This Court has also noted in *M2M Solutions* that "while a website might be an "invitation to deal… it is a basic precept of contract law that an invitation to deal is not an 'offer for sale.'" *M2M Solutions LLC v. Simcom Wireless Solutions Co., Ltd.,* 935 F. Supp. 2d 740, 745 (D. Del. 2013)(internal citations omitted). "An on-line invitation to deal does not show that [Carshield] entered a contract, transacted business, or caused tortious harm in Delaware." *Id.*

As in *M2M Solutions,* Carshield has no physical presence in the State of Delaware and no one from Delaware has ever used Carshield's website to purchase any Carshield products. (Lepejian Decl. ¶ 4-8, 12). Accordingly, no exercise of jurisdiction under subsections (1), (2) or (3) is warranted.

**B. Exercising Jurisdiction over Carshield Would Violate Carshield's Constitutional Due Process Rights.**

This Court lacks personal jurisdiction over Carshield because the inquiry fails at the first step: the Delaware Long Arm Statute cannot reach Carshield. But assuming *arguendo* it did, asserting personal jurisdiction over Carshield would violate due process because Carshield does not have minimum contacts with Delaware.

---

19760, 12 (D. Del. Sept. 13, 2004)(declining to exercise personal jurisdiction on the basis of the defendant's website alone.)

***1. Since Carshield is Not "At Home" in Delaware, An Exercise of General Jurisdiction Violates Due Process.***

For the Due Process analysis, the Court applies federal law. The U.S. Supreme Court recently clarified that general jurisdiction over out-of-state corporations is proper if and only if "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *Chavez v. Dole Food Co*., 947 F. Supp. 2d 438 (D. Del. 2013). The "standard for general jurisdiction is high in practice and not often met." *Reach & Assocs. v. Dencer,* 269 F.Supp.2d 497, 505 (D. Del. 2003).

Carshield is incorporated and maintains its principal place of business in the state of California. (Lepejian Decl. ¶ 1-3). Approximately 75 – 80% of Carshield's U.S. sales occur in the state of California. (*Id.* ¶ 10). If Carshield is "at home" anywhere, its California, not Delaware. Since Carshield has no "systematic and continuous" contacts with Delaware, due process prohibits an exercise of general jurisdiction over Carshield. *See Chavez v. Dole Food Co.,* 947 F. Supp. 2d 438, 442-443 (D. Del. 2013) (holding that owning a facility in the forum did not make plaintiff "at home" in the forum).

***2. Carshield Does Not have Minimum Contacts with Delaware Sufficient to Justify Jurisdiction.***

Due Process requires "minimum contacts" between the defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the Due Process Clause, a defendant is only subject to the jurisdiction of a federal court when the defendant's conduct is such that it should "reasonably anticipate being hailed into court there." *See Boston Scientific Corp. v. Wall Cardiovascular Techs., LLC*, 647 F. Supp. 2d 358, 365 (D.

Del. 2009). (*quoting, World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Due process only permits jurisdiction arising from minimum contacts, "when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (*quoting*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

As stated above, Carshield is incorporated in the state of California and maintains its principal place of business in the state of California. (Lepejian Decl. ¶ 1-3). Carshield's only office is located in California. (*Id.*). It is estimated that 70-80% of all of Carshield's U.S. sales take place in the state of California. (*Id.* ¶ 10). Carshield has not made, used, imported, sold or offered to sell any of its products in the state of Delaware as alleged in the Complaint. (*Id.* ¶ 4-8, 12). In fact, after careful review of all of Carshield's records, only one unit of its product, so to and installed in Ohio, have ever travelled into Delaware. (*Id.* ¶ 9). This is not enough.

The facts here are nearly identical to *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 295 (1980), and this Court, like the Supreme Court in *Woodson*, should refuse to exert jurisdiction over the defendant.

> "[Defendants] carry on no activity whatsoever in [Delaware].They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of [Delaware] law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell [their product] at wholesale or retail to [Delaware] customers or residents or that they indirectly, through others, serve or seek to serve the [Delaware] market."

*Id.* A single automobile carrying the accused product – purchased in New Jersey by a New Jersey resident – that happened to pass through Delaware, is insufficient to establish personal

jurisdiction, just as here a single unit purchased in Ohio and travelling into Delaware is insufficient to do the same. *See id*.

Although Carshield maintains a website that offers its products for sale, Carshield's products have never been sold to Delaware residents either directly or through any other distribution channels. (Lepejian Decl. ¶ 4-8, 12). "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 112 (1987)(O'Connor joined by Rehnquist, Powell and Scalia). Carshield must do more than merely maintain a website to meet the requirement of purposefully directing its activities to Delaware residents. *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir. 2003).[6] Carshield's website contains no advertisements specifically directed toward the state of Delaware. (Lepejian Decl. ¶ 8). Furthermore, Carshield has not targeted Delaware residents in any way regarding the design or marketing of their product. (*Id*. ¶ 17)

Personal jurisdiction only exists "where a defendant is 'clearly doing business through its website *in the forum state*, and where the claim relates to or arises out of use of the website." *Kloth v. S. Christian Univ*., 320 Fed. Appx. 113, 116 (3d Cir. Del. 2008) (*quoting*, *Toys "R" Us,* 318 F.3d at 452). Here, Carshield has not had any Delaware residents purchase products from its website. (Lepejian Decl. ¶ 12). Therefore, Carshield cannot be said to be "clearly doing

---

6 *See also Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 340 (3rd Cir. 2009) (finding that a website targeting anyone in the world is not sufficient evidence of targeting the forum state); *Campbell Pet Co. v. Miale,* 542 F.3d 879, 884 (Fed. Cir. 2008)(holding that "the ability of forum residents to access the defendant's websites…does not by itself show any persistent course of conduct by the defendants in the forum"); *Kloth v. S. Christian Univ.,* 320 Fed. Appx. 113, 116 (3d Cir. 2008)(finding that a defendant's website that had not been used by a Delaware resident was not sufficient to establish personal jurisdiction even if it was foreseeable that Delaware residents may use the site);

business" in the state of Delaware. Moreover, none of the allegedly infringing acts have arisen through the use of the website. (*Id.*) Carshield's website cannot support personal jurisdiction.

None of Carshield's acts or contacts give rise to jurisdiction in the State of Delaware. Never mind minimum contacts, even a single contact with the State of Delaware is lacking. Carshield is a truly regional company who has never entered the state of Delaware, much less availed itself to the State of Delaware. Thus, it is a violation of Carshield's due process rights to exercise personal jurisdiction over Carshield in the State of Delaware based on its contacts with the state. *See World-Wide Volkswagen*, *Asahi Metal, Int'l Shoe.*

**C. The Motion to Dismiss for Lack of Personal Jurisdiction Should Be Granted Without Jurisdictional Discovery.**

The facts indicate that the District Court of Delaware lacks personal jurisdiction over Carshield under any theory. Carshield has no connection with the state of Delaware and Plaintiff had no business hailing Carshield into the District Court of Delaware. This motion to dismiss for lack of personal jurisdiction should be granted without leave for jurisdictional discovery. "A court should not permit [jurisdictional] discovery as a matter of course." *E.I. Du Pont De Nemours & Co. v. Heraeus Holding GMBH*, 2012 U.S. Dist. LEXIS 140037, 37-38, 2012 WL 4511258 (D. Del. Sept. 28, 2012). There must be "some indication that the defendant is amenable to suit in [the] forum." *Hansen v. Neumueller GmbH,* 163 F.R.D. 471 (D. Del 1995). Plaintiff must show "some competent evidence" that personal jurisdiction over Carshield might exist. *See, Massachusetts Sch. of Law at Andover v. ABA,* 107 F.3d 1026, 1042 (3d Cir. 1997) (noting that a mere "unsupported allegation" that the prerequisites for personal jurisdiction have been met would amount to a "clearly frivolous" claim, and would not warrant the grant of jurisdictional discovery). In *Serverside Group Ltd. v. CPI Card Group-Minn.,* the Court refused to allow jurisdictional discovery for five out of six defendants reasoning that discovery would

likely be unproductive where the plaintiff's only produced evidence that defendants' websites were nationally available but failed to point to even one contact with Delaware. *Serverside Group Ltd. v. CPI Card Group-Minn.,* 2012 U.S. Dist. LEXIS 20489 (D. Del. Feb. 2012). The Court in *Serverside Group Ltd.* gave significant deference to the defendants' statements that they had not sold any allegedly infringing products in Delaware. Here, Carshield has presented strikingly similar facts to *Serverside.* Carshield has shown that it has no connection with the state of Delaware whatsoever. "When the lack of personal jurisdiction is clear, [as it is here], further discovery serves no purpose and thus should be denied." *E.I. Du Pont De Nemours & Co. v. Heraeus Holding GMBH*, 2012 U.S. Dist. LEXIS 140037, 37-38, 2012 WL 4511258 (D. Del. Sept. 28, 2012); *see also, Telcordia Techs., Inc. v. Alcatel S.A.*, No. Civ.A. 04-874 GMS, 2005 U.S. Dist. LEXIS 10194, 2005 WL 1268061, at *9 (D. Del. May 27, 2005).

## II. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

The Complaint should be dismissed under F.R.C.P. Rule 12(b)(6) because it (a) fails to meet the *Iqbal*/*Twombly* pleading standard, and (b) is not saved by the Form 18 safe harbor.

### A. The Complaint's Threadbare Allegations Fail to State a Plausible Claim as Required by *Iqbal*/*Twombly*.

The complaint falls far short of pleading facts necessary to state a plausible claim for patent infringement. While factual allegations are presumed true for a 12(b)(6) motion, the assumption of truth is inapplicable to legal conclusions and threadbare recitals of the elements of a cause of action supported by mere conclusory statements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Complaint's boilerplate allegations consist entirely of conclusory statements, and is insufficient to meet the *Iqbal/Twombly* pleading

standard. And while strict compliance with F.R.C.P. Form 18 may save an otherwise deficient pleading, Plaintiff has not complied with Form 18.

**B. Plaintiff Failed to Provide Pre-Filing Notice as Required by Form 18.**

Plaintiff 911 Notify failed to notify defendants of this dispute in advance as required by F.R.C.P Form 18.[7] This pre-complaint notice is not a mere procedural suggestion; it is a substantive pleading requirement. The Federal Circuit has made clear that, "[d]istrict courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1279 (Fed. Cir. 2013). And Form 18 requires that a complaint contain "a statement that the plaintiff has given the defendant notice of its infringement." *Id*. (*citing, In re Bill of Lading Transmission and System Patent Litigation*, 681 F.3d 1323, 1334 (2012)).

These Form 18 requirements are "strictly construed." *See*, *In re Bill of Lading*, 681 F.3d at 1336 (Fed. Cir. 2012)(since Form 18 does not explicitly mention indirect infringement, strict construction prohibits extending it to indirect infringement claims). A complaint that (a) fails to plead a plausible claim as required by *Iqbal/Twombly*, and (b) fails to meet every element set forth in Form 18 will fail to state a claim, and must therefore be dismissed. *See, Id*.

Here, Plaintiff 911-Notify failed to plead the prior notice element of Form 18 ¶ 4, which requires "a statement that plaintiff has given the defendant notice of its infringement." *K-Tech*, 714 F.3d at 1283 (Fed. Cir. 2013). Specifically, Form 18 states:

> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all [electric motors] it manufactures and sells and has given the defendant written notice of the infringement.

---

7 Ironically, Plaintiff 911 Notify purports to be *in the notification business*.

"The language of Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement before filing the complaint." *Littlefuse, Inc. v. Pac. Eng'g Corp.*, 2013 WL 4026918 (E.D. Mich. Aug. 7, 2013). While F.R.C.P. Rule 8 requires "notice" pleading, Form 18 requires a more literal type of notice. Form 18 requires Plaintiff to allege that it "has given defendant written notice of infringement." Form 18. Plaintiff has not made this allegation.

Plaintiff's Complaint fails to allege pre-filing notice because Plaintiff failed to provide any prior notice. In fact, Plaintiff did not discuss the alleged infringement with Carshield at all before rushing into Court for relief. (Lepejian Decl. ¶ 13). Since 911-Notify failed to allege prior notice, its Complaint should be dismissed.

In light of *K-Tech's* guidance that "complaints should be evaluated by reference to Form 18," district courts routinely dismiss complaints that fail to allege notice. *See Littlefuse, Inc. v. Pac. Eng'g Corp.*, 2013 WL 4026918 (E.D. Mich. Aug. 7, 2013) (dismissing complaint for failure to allege pre-filing notice as required by Form 18); *Infonow Corp. v. Zyme Solutions, Inc.,* 2013 WL7088306, 2013 U.S. Dist. LEXIS 113325 (D. Colo. Apr. 29, 2013)(Hegarty, M.J.) (Recommending dismissal for failure to provide "a statement that the plaintiff has given defendant notice of its infringement."). The *Infonow* court reasoned, "Form 18 arguably lowers the pleading threshold for direct infringement claims beneath the *Twombly* and *Iqbal* standards applied in other contexts. The Court declines to further reduce the bar by overlooking the absence of an element which the Federal Circuit has deemed essential to Form 18. Therefore, pursuant to *In re Bill of Lading*, the Court must recommend that Plaintiff's Complaint be dismissed for failure to provide 'a statement that the plaintiff has given defendant notice of its infringement.'"

Even prior to *K-Tech,* courts were routinely dismissing complaints that fail to allege pre-filing notice as required by Form 18. For example, in *Best Medical v. Accuray*, the court dismissed a complaint that "contain[ed] no averment that Plaintiff gave Defendants notice of the alleged infringement…. a copy of a "cease and desist" letter [was] glaringly absent." *Best Med. Int'l Inc. v. Accuray, Inc.,* 2010 WL5053919 (W.D. PA. Dec. 2, 2010). Likewise, failure to provide pre-filing notice compelled dismissal in *Gradient v. Skype*:

> The complaint does not, however, allege that [plaintiff] has given defendants notice of the alleged infringement. It simply alleges that defendants have infringed the '207 patent. That does not meet the requirements of Form 18, much less of *Twombly* and *Iqbal*.

*Gradient Enterprises, Inc. v. Skype Tech. S.A*., 848 F.Supp 2d 404 (W.D.N.Y. 2012).

Here, as in *Littlefuse*, *Infonow*, *Best Medical* and *Gradient*, a cease and desist letter and allegations of pre-filing notice are "glaringly absent" from the complaint. As in *Littlefuse*, *Infonow*, *Best Medical* and *Gradient*, the Complaint here should be dismissed because of the glaring absence of the pre-filing notice explicitly required by Form 18. Carshield's motion to dismiss for failure to state a claim should be granted.

### C. Since the Complaint Itself Cannot Provide Pre-Filing Notice as Required by Form 18, It Should be Dismissed Without Leave to Amend.

Form 18 ¶ 4 requires plaintiffs to notify defendants of alleged infringement *before* filing a complaint, and *then* to plead that notification in the complaint. *See Littlefuse, Inc. v. Pac. Eng'g Corp., 12-cv-14957 (E.D. Mich. Aug. 7, 2013); Infonow Corp. v. Zyme Solutions, Inc.*, 2013 WL7088306 (D. Colo. April 29, 2013). In *LittleFuse*, the court reasoned that the language of Form 18 ¶ 4 requires that "the plaintiff afford defendants notice of their infringement *before* filing the complaint" because any other interpretation would "render the notice of infringement

element completely superfluous as any plaintiff could satisfy this requirement by merely filing suit." *Littlefuse*, page 3 (emphasis in original)[8].

Furthermore, the plaintiff should not be allowed to amend its complaint because amendment does not cure the defect in the pleading. The amendment, in essence, would be futile. *Alvin v. Suzuki,* 227 F. 3d 107, 121 (3d. Cir. 2000)("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim"); *Invista N. Am. S.A.R.L. v. M&G USA Corp.,* 2013 U.S. Dist. LEXIS 77685, 10 (D. Del. Apr. 30, 2013). Plaintiff may satisfy the requirements of Form 18 by providing appropriate notice, and *then* filing a new complaint.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Dated: April 25, 2014

BIGGS AND BATTAGLIA

/s/ Robert Goldberg
Robert D. Goldberg (Bar ID #631)
921 N. Orange Street
P.O. Box 1489
Wilmington, DE 19899
(302) 655-9677
Goldberg@batlaw.com

*Attorneys for Defendant*
*Carshield Services, Inc.*

8 *Littlefuse, Inc. v. Pac. Eng'g Corp*., 12-cv-14957 (E.D. Mich. Aug. 7, 2013), available at:www.gpo.gov/fdsys/pkg/USCOURTS-mied-2_12-cv-14957/pdf/USCOURTS-mied-2_12-cv-14957-0.pdf